887 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Melvin THOMAS, Petitioner-Appellant,
v.
Arthur TATE, Jr., Supt. Respondent-Appellee.
 No. 89-3180.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1989.
 
 1
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and LAWRENCE P. ZATKOFF, District Judge.*
 
 ORDER
 
 2
 This pro se Ohio prisoner appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. Additionally, petitioner requests the appointment of counsel. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 3
 Following a jury trial, Melvin Thomas was convicted of aggravated robbery and sentenced to four to twenty-five years' imprisonment. As grounds for federal habeas relief, Thomas alleged improper cross-examination of a defense witness and ineffective assistance of counsel based on his attorney's failure to pursue a conspiracy defense. Thomas also asked the district court for leave to expand the record. The district court denied both the petition and the request to expand the record. Thomas filed a motion to alter of amend under Fed.R.Civ.P. 60(b), which was also denied.
 
 
 4
 Upon review we conclude that the district court properly dismissed the petition because Thomas failed to demonstrate ineffective assistance of counsel on grounds that counsel failed to pursue a reasonable defense. To establish ineffective assistance, Thomas must show a deficiency in counsel's performance and a reasonable probability that but for the deficiency the outcome would have been different. Strickland v. Washington, 466 U.S. 668 (1984); Lockett v. Arn, 740 F.2d 407 (6th Cir.1984), cert. denied, 478 U.S. 1019 (1986). On review of a claim of ineffective assistance of counsel, deference must be given to the attorney. Cobb v. Perini, 832 F.2d 342, 347 (6th Cir.1987), cert. denied, 108 S.Ct. 1998 (1988). Because counsel did not fail to present any meaningful defense, the decision to pursue an alibi defense rather than the conspiracy theory did not rise to deficient performance by counsel.
 
 
 5
 Because Thomas failed to meet the first prong of Strickland by showing deficient performance, the district court did not abuse its discretion by denying Thomas's request to supplement the record with information about the alleged conspiracy.
 
 
 6
 Finally, the claim of improper cross-examination is not before the court because Thomas did not pursue this issue in his appeal. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 7
 Accordingly, the request for appointed counsel is denied and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, U.S. District Judge for the Eastern District of Michigan, sitting by designation